UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL VASILIY KOLESNIK,

        Plaintiff,

  v.

ELDON VAIL et al.,

        Defendants.

CASE NO. C12-5278 BHS-JRC

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

    This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

    Plaintiff has filed a motion asking for leave to amend the complaint. Plaintiff seeks to add federal and state constitutional claims and to add new defendants (ECF No. 22). Defendants respond and have no objection to the adding of three defendants, defendants Kenney, Hammond and Strange (ECF No. 22, fn1).  Plaintiff concedes that another proposed defendant, Deborah A. Johnson, need not be added to this case (ECF No. 25, page 9).   Defendants further argue that it is futile to allow amendment that adds state claims based on alleged violations of the Washington

State Constitution (ECF No. 23, page 5). Defendants also argue the merits of plaintiff's federal claims for conspiracy (ECF No 23).

Leave to amend should be allowed unless the complaint cannot state a claim under any conceivable set of facts. *Breier v. Northern Cal. Bowling Proprietors' Association*, 316 F.2d 787, 790 (9th Cir. 1963). On the other hand, plaintiff should not be allowed to amend the pleading when to do so is a futile act. Where to draw this line is now before the Court. In this instance, the Court is assisted by the succinctly stated treatise, *Corpus Juris Secundum*, which reads;

> A district court, on a motion to file an amended pleading, will not ordinarily pass on the validity or sufficiency on the merits of the proposed pleading, or, unless frivolous, deny the motion for insufficiency or invalidity, except where such insufficiency is apparent from a mere reading of the pleading. Thus, an objection that an amended pleading contains objectionable matter will not ordinarily be passed on until after the amendment has been allowed.
>
> Nevertheless, it would serve no useful purpose to permit the pleading of a clearly futile amendment, although the court will not refuse an amendment on substantive grounds where there can be any doubt of the law. No proposed amendment to a pleading should be denied unless it appears to a certainty that the moving party would not be entitled to any relief under the state of facts which could be proved in support of the moving party's claims. The denial of leave to file an amendment is a sound exercise of discretion where the result would properly have been the same even if the amendment had been allowed.

C.J.S. FED. CIV. PROC. § 411, (footnotes omitted).

Plaintiff's claim for damages for alleged violations of the Washington State Constitution, on its face, does not state a claim under Washington law. According to the Washington Supreme Court, the Washington State Constitution does not automatically create a private right of action. *See Reid v. Pierce County*, 136 Wn. 2d 195, 241, 961 P.2d 333 (1998). For instance, if there is an adequate remedy under the common law, the Washington Supreme Court has declined to extend a private right of action for a violation of the state constitution. *Id*. *See also Blinka v.*

1  *Washington State Bar Association*, 109 Wn. App. 575, 591, 36 P.3d 1094 (2001).  Violations of
2  the Washington Constitution do not give rise to a cause of action for damages "without the aid of
3  augmentative legislation." *Blinka v. Washington State Bar Association*, 109 Wn. App. 575, 591, 36
4  P.3d 1094 (2001) (*quoting Sys. Amusement, Inc. v. State*, 7 Wn. App. 516, 517, 500 P.2d 1253
5  (1972)).  Plaintiff has not provided any authority for the proposition that the Washington
6  Supreme Court has implied a private right of action for violation of Article I, Section 14 of the
7  Washington State Constitution, nor has plaintiff presented any "augmentative legislation" that
8  does so.  Therefore, in this instance there appears to be no private cause of action for a violation
9  of the Washington State Constitution.; *Reid v. Pierce County*, 136 Wn.2d 195, 213-14, 961 P.2d
10 333 (1998).

11         Thus, paragraphs 47 to 56 of the proposed amended complaint are futile and will not be
12 allowed. (ECF No. 22).

13         Defendants raise a number of other challenges to the proposed amendments that are best
14 characterized as arguments to dismiss the claims (ECF No. 23). These issues are best addressed
15 through dispositive motions, not at the pleading stage. Plaintiff's motion to amend his complaint
16 to include new federal claims and defendants Kenney, Hammond and Strange is GRANTED. If
17 plaintiff is intending to have the Court attempt service by mail on any new defendant, plaintiff
18 will need to file a motion asking that the Court serve that person and plaintiff must provide an
19 address where service should be attempted.

20         Dated this 28th day of November, 2012.

                                                                    _____
                                                                    J. Richard Creatura
                                                                    United States Magistrate Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT - 3