1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10   MICHAEL VASILIY KOLESNIK,

11                        Plaintiff,

12        v.

13   ELDON VAIL et al.

14                        Defendants.

CASE NO. C12-5278 BHS-JRC

ORDER GRANTING DEFENDANTS'
MOTION TO MODIFY THE CASE
SCHEDULING ORDER

15

16      This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate

17   Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1,

18   MJR 3, and MJR 4.

19      Defendants ask the Court to "stay" the December 7, 2012 dispositive motions deadline

20   (ECF No. 24). Since the filing of defendants' motion, the Court has entered an order allowing in

21   part and denying in part plaintiff's motion to file an amended complaint (ECF No. 26). The filing

22   of an amended complaint will necessitate a new scheduling order. Defendants' motion is granted.

23   The Court now Orders:

24

<u>Discovery</u>

Discovery shall be completed by April 26, 2013.  Service of responses to interrogatories and requests to produce, and the taking of depositions shall be completed by this date.  Fed. R. Civ. P. 33(b)(3) requires answers or objections to be served within thirty (30) days after service of the interrogatories.The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

<u>Motions</u>

Any dispositive motion shall be filed and served on or before May, 24, 2013. The party bringing the motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the Court's calendar.  The noting date shall be the fourth Friday following filing of the dispositive motion. The opposing party must file and serve all briefs and affidavits in opposition to any motion not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion. The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits. The documents must indicate in the upper right-hand corner the name of the magistrate judge to whom the documents are to be delivered.

If a motion for summary judgment is filed, it is important for the moving party to advise the opposing party at the time the motion is served of the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

<u>Joint Status Report</u>

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than September 20, 2013. The joint status report shall contain the following information by corresponding paragraph numbers:

1.      A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2.      A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3.      A list of all exhibits to be offered into evidence at trial;

4.      A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

5.      Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (*see* Local Rule CR 39.1(d));

6.      Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

7.      Any other suggestions for shortening or simplifying the trial in this case;

8.      The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

ORDER GRANTING DEFENDANTS' MOTION
TO MODIFY THE CASE SCHEDULING ORDER -
3

1    9.    The dates on which trial counsel are unavailable and any other complications to

2    be considered in setting a trial date;

3    10.    Whether the trial will by jury or non-jury;

4    11.    The number of trial days required, and suggestions for shortening trial;

5    12.    The names, addresses, and telephone numbers of all trial counsel and

6    unrepresented (pro se) parties who intend to appear at trial.

7    If the parties are unable to agree on any part of the report, they may answer in separate

8    paragraphs. Separate reports are not to be filed.  Plaintiff's counsel (or plaintiff, if pro se) will be

9    responsible for initiating communications for the preparation of the joint status report.

10                              Proof of Service & Sanctions

11    All motions, pretrial statements and other filings shall be accompanied by proof that such

12    documents have been served upon counsel for the opposing party (or upon any party acting pro

13    se). The proof shall show the day and manner of service and may be by written acknowledgment

14    of service, by certificate of a member of the bar of this court, by affidavit of the person who

15    served the papers, or by any other proof satisfactory to the court. Such proof of service shall

16    accompany both the original and duplicates filed with the Clerk. Failure to comply with the

17    provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

18    The Clerk of Court is directed to send a copy of this Order to plaintiff.

19    DATED this 7th day of January , 2013.

20

21

22    J. Richard Creatura
      United States Magistrate Judge

23

24

ORDER GRANTING DEFENDANTS' MOTION
TO MODIFY THE CASE SCHEDULING ORDER -
4