UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL VASILIY KOLESNIK,<br><br>              Plaintiff,<br><br>    v.<br><br>ELDON VAIL et al.,<br><br>              Defendants. | CASE NO. 12-cv-05278 BHS<br><br>ORDER |

    The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The authority for the referral is found in 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

    This case is becoming unnecessarily complicated because of filings that do not comport with standard court practices, the Local Rules, or the Fed. R. Civ. P. In order to refocus this case, the Court directs the Clerk's Office to file a copy of the amended complaint that plaintiff provided for service. The Clerk's Office should file this document as a "second amended complaint." Plaintiff has titled the pleading as a "First Amended Complaint." Plaintiff provided the service copies on December 10. 2012. The Court will file a separate order directing service of

ORDER - 1

1 the new complaint on the newly named defendants: Cheryl E. Strange, Steven G. Hammond, and
2 John D. Kenny.

3 Plaintiff filed a motion to amend the complaint and provided a proposed amended
4 complaint (ECF No. 22). Defendants responded to the motion and argued that certain proposed
5 amendments, which added claims based on alleged violations of the Washington State
6 Constitution, were futile (ECF No. 23). Plaintiff agreed in part and conceded "that the addition of
7 proposed defendant Deborah Johnson would be futile at this time." (ECF No. 25, page 7).
8 Plaintiff did not agree with defendants regarding the proposed state claims.

9 The Court did not allow the amendment to include causes of action based on alleged
10 violations of the Washington State Constitution (ECF No. 26). The Court did, however, file the
11 proposed amended complaint and the Court ordered plaintiff to file a motion and service copies
12 if he wished the Court to attempt service on the newly named defendants (ECF No. 26 and 27).

13 Defendants then filed an objection to the filing of the amended complaint (ECF No. 28).
14 In this objection, defendants asked the Court to strike the amended complaint and direct plaintiff
15 to file a new amended complaint (ECF No. 28). Defendants did not file their objections as a
16 motion and the objections were not scheduled on the Court's calendar for consideration.
17 Normally, a party seeking Court action should file a motion and note that motion for
18 consideration as allowed by Local Rule 7.

19 Plaintiff then filed a motion asking the Court to serve the newly named defendants.
20 Plaintiff also filed four service copies of a different amended complaint. Plaintiff has deleted his
21 state causes of action. Defendants have responded to plaintiff's motion to serve and reiterated
22 their objections to the amendment of the complaint (ECF No. 30). Thus, plaintiff has filed a
23 second amended complaint without leave of Court. This violates the Fed. R. Civ. P. 15(a)(2).
24

Further, defendants have filed a response to plaintiff's motion to serve under the assumption that the service copies were identical to the proposed amended complaint (ECF No. 30). In defendants' most recent filing, defendants also assert that the amended complaint "would need to be served on all Defendants not only the 'new' Defendants." (ECF No. 30, page 2). Defendants provide no authority for their statement.

The Court now directs the Clerk's Office to file a copy of plaintiff's new complaint as a "second amended complaint." A separate order directing the Clerk's Office to attempt service by mail, on newly named defendants, will be issued. If defendants contend that this second amended complaint must be served on defendants who have already appeared, and are receiving electronic notice of filings through their counsel, then these defendants may file and properly note a motion for the Court's consideration.

Dated this 11th day of January, 2013.

J. Richard Creatura
United States Magistrate Judge