UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL VASILIY KOLESNIK,

    Plaintiff,

v.

ELDON VAIL et al.,

    Defendants.

CASE NO. C12-5278 BHS-JRC

ORDER ON PENDING MOTIONS

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

    Plaintiff has filed a motion to extend discovery (ECF No. 48) and a motion to file a third amended complaint (ECF No. 52). The parties have stipulated to a motion for an extension of time to file dispositive motions (ECF No. 54).

    Plaintiff filed this action over a year ago, in March of 2012 (ECF No. 1). Two scheduling orders have been entered in this action (ECF No. 18 and 32). Discovery ended April 26, 2013.

Plaintiff argues that he needs to file a motion to compel defendants to answer interrogatories and requests for production (ECF No. 48). Plaintiff has not shown good cause for granting another extension. The Court denies the motion to extend discovery. Plaintiff may still file a motion to compel, so long as the discovery was originally requested in a timely manner.

Plaintiff also seeks to amend the complaint and add a new defendant (ECF No. 52). In June of 2012, defendants answered the original complaint and the Court entered a scheduling order (ECF No. 17 and 18). After the time initially allotted for discovery had elapsed, plaintiff asked for leave to file an amended complaint that added claims and defendants (ECF No. 22). The Court granted the motion even though it entailed re-opening discovery and issuing a new scheduling order (ECF No. 29 and 32).

Fed. R. Civ. P. 15 allows for amending a complaint and a Court should freely give leave to amend when justice so requires *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a Court may deny the motion when there is undue delay, bad faith, or dilatory motive on the part of plaintiff. *Id*. Plaintiff's first motion to amend was made after the initial close of discovery, and when plaintiff was facing the possibility of having to defend against a dispositive motion. The Court granted the motion so that plaintiff would be given another opportunity to present his best case before the court.  Plaintiff's second motion to amend follows the closing of discovery again, and, this time, also following the Court's initial order allowing plaintiff an opportunity to present his best case.   Although plaintiff argues that he needs to amend this complaint to add new defendants and re-state his claims, based on "newly acquired evidence" (ECF No. 52), he has presented no evidence as to why he failed to bring this motion in a timely manner (*id.*). Opposing parties also have a right to have a matter proceed in accordance with the rules and are entitled to have a matter proceed toward a final resolution.  Continually allowing one party to be excused

1  from meeting court-imposed deadlines violates the opposing parties' right to finality. . The case
2  is simply too old for the Court to allow further delay. Plaintiff has simply not provided good
3  cause for granting yet another continuance. The Court denies the motion to file a third amended
4  complaint.

5  The parties have stipulated to an extension of the dispositive motion deadline because of
6  the uncertainty raised by the pending motions (ECF No. 54). If plaintiff intends to file a motion
7  to compel it must be filed by May 31, 2013. Plaintiff will note the motion for June 21, 2013. The
8  Court grants the motion to extend the dispositive motion deadline (ECF No. 54). Dispositive
9  motions will be due on or before August 2, 2013.

10  Dated this 9th day of May, 2013.

_____
J. Richard Creatura
United States Magistrate Judge