UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL VASILIY KOLESNIK,

Plaintiff,

v.

ELDON VAIL et al.,

Defendants.

CASE NO. C12-5278 BHS-JRC

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Plaintiff has filed a motion to compel discovery (ECF No. 60). The Court grants the motion with regard to two interrogatories propounded to defendant Riepe and one interrogatory propounded to defendant Murphy. Defendants' answers to these three interrogatories are evasive and not fully responsive. The Court denies the remainder of plaintiff's motion because even though defendant's counsel may have set forth an objection, the question was answered or the

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 1

document provided. The parties have met and conferred as required by Fed. R. Civ. P. 37 and this Court's Local Rule 37.

The Court has wide discretion regarding discovery and controlling the scope and manner in which discovery is sought. A court's rulings regarding discovery are reviewed for abuse of discretion. *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Plaintiff moves to compel answers to eight interrogatories and one request for production of documents. The Court will set forth the interrogatory or request, the answer or pertinent objection and the Court's ruling.

    1.    Interrogatories sent to defendant Riepe.

Plaintiff's alleges that defendant Riepe's objection to the second set of interrogatories question number two is improper. Plaintiff asked:

> Referring back to my first interrogatories, question 6, by "savable" I meant "salvageable," meaning "it can be saved," it is "possible to save." So my question is: from a <u>medical</u> standpoint, <u>DOC protocols aside</u>, could my tooth #31 have been saved via a root canal procedure on March 8, 2011 when you saw me? Please explain why or why not.

(ECF No. 60-1, p. 9 of 32). While defendant's counsel objected to the interrogatory as vague because it is debatable was saved means, defendant also answered the question and stated:

> I believe that tooth #31 would not be saved long-term as a viable, functional tooth with root canal treatment for the reasons that follows[sic]:
>
>     a.    Following root canal treatment, teeth are generally weaker. Posterior teeth withstand the majority of chewing forces and without full coverage cast crown for protection, they are likely to fracture/break over time. The Washington State Department of Corrections does not currently offer full coverage cast crowns.
>
>     b.    Root canal treatment alone would unlikely resolve the infection around your tooth due to the size of the infection as is visible on the radiograph of your tooth.
>
>     c.    The Washington State Department of Corrections does not provide endodontic treatment performed by a specialist. Root canals on posterior teeth are

often referred to specialists called endodontists because they can be difficult/complicated procedures for some of the following reasons:

    1)    Posterior teeth are located near the back of the moth, making access more difficult.

    2)    Posterior teeth contain several canals, often three to four or more. If one canal is left untreated, the infection is likely to persist and the patient will experience pain, infection, and swelling.

    3)    When examining the radiograph of your tooth taken on March 8, 2011, the canals in the mesial (front) root appear to be calcifying or collapsing, they appear smaller than the canals in the distal (back) root. Successful root canal treatment of calcified canals is more difficult than treatment of non-calcified canals.

(*id*. pp. 13-14). Defendant Riepe fully answered plaintiff's question and the Court denies plaintiff's motion to compel further answer of this interrogatory.

Plaintiff's alleges that defendant Riepe's answer to the second set of interrogatories question number four is improper. Plaintiff asked:

Under the facts and circumstances in my case on March 8 and 14, 2011, would you have recommended saving my tooth #31 via a root canal procedure <u>if the DOC protocol allowed you to?</u> Please explain why or why not.

Defendant Riepe answered and objected as follows:

    Objection:    This interrogatory calls for speculation as to an opinion defendant might have formed two years ago.
    Answer:    Without waving objection, I believe in providing treatment that results in the long term maintenance of viable, functional teeth. Please see answer to question number two.

Defendant Riepe stated in interrogatory number two that she did not think the tooth could be saved long-term, but she does not specifically state if she would have recommended a root canal or not. Defendant's answer evades the call of the question. Plaintiff did not ask what defendant Riepe believes. Plaintiff asks if defendant Riepe would have recommended plaintiff receive a root canal on tooth #31 if the Department of Corrections protocol would have allowed

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 3

1   for root canal treatment. Further, while the answer to interrogatory number two implies that the

2   answer may be no, plaintiff is entitled to a full answer to his interrogatory that is not evasive. The

3   Court grants plaintiff's motion to compel defendant Riepe to answer this interrogatory.

4         Plaintiff's alleges that defendant Riepe's answer to the second set of interrogatories

5   question number six is improper. Plaintiff asked:

6         Did the dentistry school and/or universities that you have attended teach
you root canals on posterior teeth may be performed only when the patients meet
7   the following criteria:
      *     treatment with bisphosphonates for osteoporosis is prescribed OR
8         *     a history of previous or current radiation treatment is present, the
treatment is directed to or passes through the area where the tooth
9              is located,
and that in all other cases, it is appropriate to deny them root canal treatment and
10   offer extraction of the tooth only, or deny them treatment altogether, if they refuse
the extraction? Is this standard of care consistent with what they taught you in
11   dentistry schools concerning endodontic treatment on posterior teeth?

12       Defendant answered:

13         The dental school that I attended taught me to consider a patient's
medical history including treatment with bisphosphonates or radiation, when
14   determining the recommended course of treatment.
      I was taught that refusal of treatment by a patient does not change the
15   treatment that is appropriate to offer. Also, refusal of treatment by a patient does
not equate to denial of treatment by a practitioner.
16         The dental school that I attended taught me that extraction is an
appropriate treatment option for an abscessed anterior or posterior tooth. The
17   Washington State Department of Corrections protocol regarding endodontic
treatment of posterior teeth meets the standard of care that I was taught in dental
18   school.

19   (ECF No. 60-1, p. 16). Defendant Riepe's answer evades answering whether the schools

20   defendant attended taught her that root canals could only be performed under the conditions set

21   forth by plaintiff. Plaintiff is entitled to have this portion of his interrogatory answered.

22   Defendant has answered the remainder of the question. The Court grants plaintiff's motion to

23   compel a further answer that addresses this single issue.

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 4

2. Interrogatory to defendant Johnson.

Plaintiff's alleges that defendant Johnson's answer to the second set of interrogatories question number three is improper. Plaintiff asked:

> In regards to your answer to my interrogatories, question 5, please explain why you did not examine my tooth #31 to see if it could be saved first before recommending extraction. Is this practice consistent with what they taught you in the dentistry schools that you have attended?

Defendant Johnson answered:

> OHP guidelines only allow for endodontic therapy on posterior teeth when offenders are receiving bisphosphonate treatment for osteoporosis, or when receiving radiation (currently or in the past) radiation treatment (e.g. – cancer patients). Because you do not qualify under either of those conditions, the only treatment option per OHP guidelines is extraction. Therefore, by following OHP guidelines, I recommended extraction to treat your dental abscess. Dental schools teach that the treatment options for abscessed teeth are extraction or endodontic treatment.

(ECF No. 60-2 p. 4). Defendant Johnson fully answered plaintiff's question. The motion to compel further answer is denied.

3. Interrogatories to defendant Murphy.

Plaintiff's alleges that defendant Murphy's answer to the first set of interrogatories question number seven is improper. Plaintiff asked:

> In both your response to my level three grievance (referred to above in ¶ 3) and your response to my letter/complaint to Eldon Vail (referred to above in ¶ 6), you stated that , "[e]xtraction is an appropriate treatment" for abscessed teeth. By this, did you mean that extraction was the only medically appropriate treatment in may particular case, or was root canal also medically appropriate in my case? Please explain why or why not?

Defendant answered:

> See answers to interrogatories 3, 4, 5, and 6.

In answer to interrogatory four, defendant Murphy stated that "either root canal therapy or extraction are acceptable means of treating a dental abscess; extraction is the most reliable of
ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 5

1  the two treatments." Thus, defendant answered part of plaintiff's question. Defendant did not

2  answer the second half of the question, whether a root canal was appropriate in plaintiff's case.

3  The Court has re-examined the second amended complaint (ECF No. 34). Dr. Murphy is the

4  head of dentistry for the Department of Corrections, but there is no allegation that this defendant

5  ever saw or treated plaintiff for his abscessed tooth. The Court orders Dr. Murphy to answer

6  whether a root canal in plaintiff's case would have been appropriate if this defendant has formed

7  an opinion on that issue from the information he has reviewed. If defendant did not form an

8  opinion he should supplement his answer to make that point clear.

9  Plaintiff's alleges that defendant Murphy's answer to the first set of interrogatories

10  question number thirteen is improper. Plaintiff asked:

11  > Please identify all persons whom you have consulted in helping you to choose the criteria for endodontic treatment and to revise the dental guidelines.

12  Defendant answered:

13  > The Associate Chief Medical Officer, Doctor Dave Kenney, and the Director for Health Services, Ken Taylor and the Attorney General's Office.

15  Plaintiff argues that the name of the person or persons in the Attorney General's office

16  should be disclosed. Plaintiff fails to convince the Court that a more complete answer to this

17  interrogatory will result in discoverable material. Any advice about the dental policy that was

18  given to defendants by the Attorney General's Office would be covered by the client-attorney

19  privilege. The Court denies the motion to compel on this interrogatory.

20  Plaintiff's alleges that defendant Murphy's answer to the first set of interrogatories

21  question number fourteen is improper. Plaintiff asked:

22  > State the number of cases in which WDOC inmates received root canals on back teeth during the following periods: <u>one year prior</u> to the revision of the endodontic treatment guidelines, and <u>one year after</u> the revision of the endodontic guidelines, while identifying all documents that support your answer.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 6

Defendant Murphy objected to this interrogatory as not reasonably calculated to result in discovery of admissible evidence and because it seeks protected health care information, the release of which is prohibited by federal law, HIPPA, and chapter 70.02 RCW. The Court agrees. How many root canals were performed the year prior to or after the change in policy is irrelevant and will not result in admissible evidence being disclosed. The issue in this case is whether defendants' policy of extracting back teeth that have abscessed, instead of performing other endodontic services that may result in not losing the tooth, is constitutional. Further, the identification of all documents that support the answer would entail disclosing documents that identify which inmates received root canals. Thus, defendant's objection based on the information being protected by federal law is well founded. The Court denies plaintiff's motion to compel on this interrogatory.

4. Interrogatory to defendant Hammond.

Plaintiff alleges that defendant Hammond's answer to the first set of interrogatories question number eight is improper. Plaintiff asked:

> In his e-mail to Mr. Vail and Ms. Strange, dated December 20, 2010, John Nispel stated, "discussions with Cheryl Strange lead me to believe that she felt failing to [delete the above-quoted language from WAC 137-91-010] exposed the agency to liability and therefore the amendment would be critical to the agency mission." Since Ms. Strange requested this amendment on your behalf, in what ways did you believe the above-quoted language of WAC 137-91-010, if not deleted, "exposed the agency [WDOC] to liability?

Defendant objected to the interrogatory, but defendant Hammond also provided an answer. Defendant stated:

> OBJECTION: object to any response which would invoke attorney-client privileged communications.
>
> ANSWER: Without waiving objection. I thought the deleted section was superfluous to the clause in the paragraph above in WAC 137-91-010 that states

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 7

DOC will provide care that is consistent with the OHP and that the deleted language was less clear in defining medically necessary care than the language in the OHP.

Defendant Hammond had fully answered the interrogatory. The Court denies plaintiff's motion to compel any further response.

Plaintiff complains of the response to a request for production of documents that he served on defendant Kenney. Plaintiff asked for:

> Any and all documents, to include any correspondence or e-mails, related to the following; "new legal advice" and "funding priorities," which you referred to in your e-mail to Kenneth Taylor on October 25, 2010.

(ECF No. 60-2 p. 37). In response to this request defendant provided a series of e-mails dated from September 2, 2010 through September 21, 2010. The e-mail dated September 3, 2010 contains a redaction. The document reads "[e]arlier this morning I was talking with AAG Dan Judge who has agreed to provide us the service of Candie Dibble" the document is then redacted and reads "Communication between members of the client agency for the purpose of gathering information to obtain legal advice or to convey attorney-client communications."

There are eight elements the Court considers in deciding if the client-attorney privilege applies. *Matter of Fischel*, 557 F.2d 209, 211 (9th Cir. 1977). The elements are:

(1) Where legal advice of any kind is sought

(2) from a professional legal adviser in his capacity as such,

(3) the communications relating to that purpose,

(4) made in confidence

(5) by the client,

(6) are at his instance permanently protected

(7) from disclosure by himself or by the legal adviser,

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 8

1                    (8) unless the protection be waived.

2    *Id.*

3           Plaintiff argues defendant fails to meet the eight element test (ECF No. 60. pp.10-

4    12). Examination of the e-mail in question convinces the Court that plaintiff is in error.

5    The e-mail specifically mentions obtaining legal advice from AAG Dibble. This meets

6    the first three elements of the analysis. The communication is between members of the

7    Department of Corrections in their official capacity working for the agency and the e-

8    mail was not shared or sent to outside persons. This fulfills the fourth and fifth elements

9    of the analysis. The agency members who are defendants are asserting the privilege,

10   which fulfills the remaining three elements of the analysis.

11          Further, defendant need not provide a privilege log in this case because "all the

12   information regarding the document is provided in the three pages." (ECF No. 64, p. 6).

13   Counsel states that there are no documents responsive to the remainder of plaintiff's

14   question (*id.*). The Court denies plaintiff's motion to compel any further answer to this

15   request of production of documents.

16          Defendants must provide supplemental responses as ordered by the Court on or

17   before September 13, 2013.

18          Dated this 14th day of August, 2013.

                                                    J. Richard Creatura
                                                    United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY - 9